UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JASON REDDICKS,

                            Plaintiff,

       v.

38 ROBIN CT LLC, STEVE REDDICKS,
GLORIA M. CASTRO and NATASHA R. BRIZZ,

                            Defendants.

**MEMORANDUM AND ORDER**
23-cv-2773 (LDH) (MMH)

---

LASHANN DEARCY HALL, United States District Judge:

        Jason Reddicks ("Plaintiff" or "Jason") brings this action against 38 Robin CT LLC ("38 Robin"), Steve Reddicks ("Reddicks" or "Steve"), Gloria M. Castro and Natasha R. Brizz (collectively, "Defendants"), asserting claims for (1) fraud against Defendant Reddicks, (2) fraudulent conveyance against Defendant 38 Robin, (3) unjust enrichment against Defendants 38 Robin and Reddicks, and (4) conspiracy to commit fraud against all Defendants.[1] Plaintiff also seeks declaratory judgment and an award of punitive damages. Defendants 38 Robin and Reddicks each assert crossclaims against Defendants Castro and Brizz (the "Notary Defendants") for damages, contribution, and indemnification.[2] The Notary Defendants move pursuant to

---

[1] The complaint does not distinguish which claims were brought against each Defendant. However, at the initial conference before Magistrate Judge Marcia M. Henry, the parties clarified that Plaintiff brings: (1) the fraud claim against Defendant Steve Reddicks; (2) the fraudulent conveyance claim against Defendant 38 Robin Ct. LLC; (3) the conspiracy to commit fraud claim against all Defendants; and (4) the unjust enrichment claim against Defendants Steve Reddicks and 38 Robin Ct. LLC. (*See* ECF No. 19.)

[2] Defendant 38 Robin asserts counterclaims against Plaintiff for unjust enrichment, a declaratory judgment, and the imposition of an equitable lien and crossclaims against Defendant Reddicks for damages, contribution, and indemnification. (*See* Def. 38 Robin's Answer with Counterclaims and Crossclaims, ECF No. 13.) Defendant Reddicks asserts crossclaims against Defendant 38 Robin for damages, contribution, and indemnification. (*See* Def. Reddicks' Answer with Crossclaims, ECF No. 23.) And the Notary Defendants assert crossclaims against Defendants 38 Robin and Reddicks for contribution and indemnification. (*See* Notary Defs.' Amended Answer and Crossclaims, ECF No. 27.) These counterclaims and crossclaims are not subject to the instant motion.

1

Federal Rule of Civil Procedure 12(c) for a judgment on the pleadings dismissing all claims and crossclaims against them.

## BACKGROUND[3]

Plaintiff's father, Fitzbert Reddicks, was the owner of a property at 966 East 231st Street in the Bronx (the "Premises"). (Compl. ¶ 10, ECF No. 1.) Fitzbert Reddicks passed away intestate on February 25, 2003, resulting in a statutory division of the interest in the Premises of 50% to his wife Ianthe Hortense Reddicks ("Ianthe") and 10% to each of his five surviving children: Plaintiff, Defendant Reddicks, Joanna Davis ("Joanna"), Ruby Reddicks ("Ruby"), and David Reddicks ("David"). (*Id*. ¶¶ 10–11.) On or about January 26, 2007, Joanna executed a quit-claim deed conveying her 10% interest to Ianthe. (*Id*. ¶ 12.) On February 23, 2007, Ruby also executed a quit-claim deed conveying her 10% interest to Ianthe. (*Id*. ¶ 13.) On March 19, 2007, David's 10% interest was conveyed to Ianthe. (*Id*. ¶¶ 14–15.) Thus, as of March 19, 2007, Ianthe retained an 80% interest in the Premises while Plaintiff and Defendant Reddicks each maintained a 10% interest in the Premises. (*Id*. ¶¶ 14–15.)

On November 17, 2021, Defendant Reddicks filed a power of attorney with the Bronx County Register, which purported to grant Defendant Reddicks the power to execute real estate transactions on behalf of Ianthe (the "Ianthe POA"). (*Id*. ¶ 19; Decl. of Anthony D. Green Supp. Notary Defendants' Mot. J. Pleadings ("Green Decl."), Ex. F ("Ianthe POA"), ECF No. 46-8.) The Ianthe POA was notarized by Defendant Brizz, who attested that Ianthe personally appeared before her and executed the document in Bronx County on November 17, 2021. (Compl. ¶ 19; Ianthe POA at 5.) On November 18, 2021, Defendant Reddicks filed another power of attorney

---

[3] The following facts are taken from the complaint and are assumed to be true for the purpose of deciding the instant motion.

2

with the Bronx County Register, which purported to grant Defendant Reddicks the power to execute real estate transactions on behalf of Plaintiff (the "Jason POA") (together with the Ianthe POA, the "POAs"). [4] (Compl. ¶ 18; Green Decl., Ex. E ("Jason POA"), ECF No. 46-7.) The Jason POA was notarized by Defendant Castro, who attested that Plaintiff personally appeared before her and executed the document in New York County on February 2, 2012.[5] (Compl. ¶ 18; Jason POA at 5.) Plaintiff had been incarcerated in Pennsylvania at the time that the Jason POA was executed and notarized. (Compl. ¶ 18.) On November 18, 2021, Defendant Reddicks—acting on behalf of himself, Plaintiff, and Ianthe—executed a deed (the "Deed") transferring 100% of the interest in the Premises to Defendant 38 Robin. (*Id*. ¶ 20; Decl. of Bill Tsevis in Opp'n Mot. J. Pleadings, Ex. F ("Deed"), ECF No. 47-7.) The Deed was recorded in the Bronx County Clerk's Office on December 20, 2021. (Compl. ¶ 20.)

Prior to the aforementioned filings and transfer, on August 17, 2016, HSBC Bank USA, N.A. ("HSBC"), as Indenture Trustee for the Registered Noteholders, filed a Complaint and Notice of Pendency for Foreclosure on the Premises in Bronx County Supreme Court against Ianthe,[6] Defendant Reddicks, Plaintiff, and other entities, seeking a foreclosure on the outstanding $350,000 mortgage on the Premises (the "Foreclosure Action"). *See HSBC Bank USA, N.A., as Indenture Trustee for the Registered Noteholders v. Reddicks et al*., Index No.

---

[4] In rendering its decision on the motion for judgment on the pleadings, the Court has considered the Ianthe POA and the Jason POA, which were attached to the Notary Defendants' motion for a judgment on the pleadings and were incorporated by reference in the complaint. The Court has also considered the deed conveying the interest in the Premises to Defendant 38 Robin, which was attached to Defendant 38 Robin's opposition to the motion for judgment on the pleadings. On a motion for judgment on the pleadings, the Court may consider "the defendants' answer, any written documents attached to the complaint or the answer, any document that is incorporated by reference into the complaint, any document that is 'integral' to the complaint, and any matter of which the court may take judicial notice." *Velarde v. GW GJ, Inc.*, 914 F.3d 779, 781 n.1 (2d Cir. 2019) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)).

[5] The complaint erroneously lists this date as February 2, 2021.

[6] Named in the Foreclosure Action as Hortense Ianthe Reddick.

32690/2016E (N.Y. Sup. Ct., Bronx Co.) ("*HSBC v. Reddicks*").[7] On February 2, 2017, the Foreclosure Action was stayed pending the resolution of a Chapter 13 bankruptcy proceeding initiated by Defendant Reddicks on December 8, 2016. *See* Referee Order dated Feb. 2, 2017, Dkt. No. 36, *HSBC v. Reddicks*. On January 29, 2019, HSBC filed a renewed Notice of Pendency. *See* Notice of Pendency of Action, Dkt. No. 37. According to the case docket, none of the defendants in that action, including Plaintiff, Ianthe, or Defendant Reddicks, appeared or answered. On December 9, 2021, HSBC filed a notice to discontinue the Foreclosure Action and a Notice to Cancel the Notice of Pendency. *See* Notice of Discontinuance, Notice to Cancel Notice of Pendency, Dkt. Nos. 38-39, *HSBC v. Reddicks*. In an affirmation accompanying the notice of discontinuance, HSBC stated that the subject loan had been paid off in a short sale. *See id*.

Ianthe passed away intestate in February 2022. (*Id*. ¶ 16.) Absent the transfer of the Premises to Defendant 38 Robin, Ianthe's 80% interest in the Premises would have been divided among her biological children: Plaintiff, Defendant Reddicks, and David. (*Id*.) This would have left Plaintiff and Defendant Reddicks with a 36.67% interest each. (*Id*. ¶ 17.)

Plaintiff filed his complaint on April 13, 2023, bringing claims against Defendants for (1) fraud, (2) fraudulent conveyance of the Premises, (3) conspiracy to commit fraud, and (4) unjust enrichment. (*Id*. ¶¶ 23–30.) Plaintiff seeks a declaratory judgment declaring that the transfer of the Premises to Defendant 38 Robin was fraudulent and that said transfer is null and void. (*Id*. ¶

---

[7] The Court takes judicial notice of the foreclosure action filed in Bronx County Supreme Court. *See Jones v. Select Portfolio Servicing, Inc.*, No. 23-CV-7772, 2024 WL 2494769, at *4 (E.D.N.Y. May 24, 2024) ("Judicial notice is regularly taken of publicly available documents and government records, including foreclosure records." (internal citations and quotation marks omitted)).

4

32.) Plaintiff further seeks an award of $800,000 in compensatory damages and $1,000,000 in punitive damages against Defendants, jointly and severally. (*Id.* ¶ 34.)[8]

Defendant 38 Robin asserts crossclaims against the Notary Defendants for any damages it may suffer if the sale of the Premises is deemed void, along with crossclaims for contribution and indemnification if Plaintiff succeeds on his claims. (Def. 38 Robin's Answer with Counterclaims and Crossclaims ("38 Robin's Crossclaims") ¶¶ 92-98, ECF No. 13.) Defendant Reddicks similarly asserts crossclaims against the Notary Defendants for damages, contribution, and indemnification. (Def. Reddicks' Answer with Crossclaims ("Reddicks' Crossclaims") ¶¶ 43-49, ECF No. 23.)

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Bank of New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings."). As such, to survive a motion for judgment on the pleadings, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S.

---

[8] On April 25, 2024, the Court denied Plaintiff's untimely request for leave to amend his complaint to add claims for notarial misconduct, fraud, and negligence against the Notary Defendants, as well as 38 Robin's untimely request for leave to implead Linda A. Burchett Insurance Agency Inc., the employer of the Notary Defendants.

5

at 556, 127 S. Ct. 1955). As with a motion to dismiss under Rule 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(c) "must be decided solely on the pleadings before the court, in addition to any materials implicitly or explicitly incorporated by reference into those pleadings." *U.S. v. Certain Real Property and Premises Known as 44 Autumn Ave., Brooklyn, N.Y.*, 156 F.R.D. 26, 30 (E.D.N.Y. 1994).

## DISCUSSION

### I. Conspiracy to Commit Fraud Claim

To state a claim for conspiracy to commit fraud under New York law, a plaintiff must sufficiently plead facts that support a plausible inference of a conspiracy as well as facts supporting the underlying fraud claim. *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 128 (2d Cir. 2023). Pursuant to Federal Rule of Civil Procedure 9(b), fraud claims are subject to a heightened pleading standard whereby a plaintiff bringing a claim of fraud must plead facts with particularity. However, Rule 9(b) applies only to the pleading of the underlying fraud and not to the pleading of conspiracy. *See Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 26 (2d Cir. 1990). Thus, a plaintiff's pleading of a conspiracy, "apart from the underlying acts of fraud, is properly measured under the more liberal pleading requirements of Rule 8(a)." *Id*. at 26 n.4.

Plaintiff alleges that the Notary Defendants, by notarizing the fraudulent power of attorney documents, conspired with Defendant Reddicks and Defendant 38 Robin to permit Defendant Reddicks to convey the Premises to Defendant 38 Robin. (*See* Compl. ¶ 28.) To state a claim for conspiracy, a plaintiff must allege "(1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage." *Kashi v. Gratsos*, 790 F.2d 1050, 1055 (2d Cir. 1986) (quoting *Suarez v. Underwood,* 426 N.Y.S.2d 208, 210 (Sup. Ct. 1980)). The Notary Defendants

argue that Plaintiff's conspiracy claim fails because Plaintiff fails to allege facts giving rise to a plausible inference that the Notary Defendants intentionally agreed to participate in the alleged fraud.[9] (Mem. of L. in Supp. Of Notary Defs.' Mot. J. Plead. ("Notary Defs.' Mem.") at 2–3, ECF No. 46-1.) The Court agrees.

In order to state a claim for conspiracy, "the complaint must allege some factual basis for a finding of a conscious agreement among the defendants" to commit the underlying fraud. *See Hecht*, 897 F.2d at 26 n.4. Although a plaintiff need not allege that defendants made a formal agreement, "[f]acts that suggest a common plan or scheme and a defendant's knowledge of that plan or scheme should be pled." *Am. Country Ins. Co. v. Ury-Sanders*, No. 06-CV-4744, 2009 WL 10702055, at *9 (E.D.N.Y. Jan. 6, 2009) (citations omitted). Such facts may include allegations of an "intimate business relationship" between the defendants, the defendant's knowledge of the unlawful acts by alleged co-conspirators, and misrepresentations made by the defendant to the plaintiff from which a trier of fact could infer an agreement. *First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 629 F. Supp. 427, 444 (S.D.N.Y. 1986).

Plaintiff does not allege that the Notary Defendants had any pre-existing relationship with Defendant Reddicks or Defendant 38 Robin. Nor does Plaintiff allege facts supporting an inference that the Notary Defendants knew that Defendant Reddicks used, or intended to use, the POAs to convey the Premises to Defendant 38 Robin. Plaintiff alleges that the Notary

---

[9] The Notary Defendants conflate the scienter requirement of a conspiracy claim with the requirement of the underlying fraud claim. (*See* Notary Def.'s Mem at 2–3.) To the extent that the Notary Defendants argue that Plaintiff's claim fails because there are no facts supporting an inference that they committed the underlying fraud, the Court rejects this argument. Indeed, Plaintiff could still state a claim for conspiracy based on an underlying claim of fraud against a co-conspirator. *See, e.g. Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 447 (S.D.N.Y. 2017) (holding that a plaintiff's claim for conspiracy to commit fraud against several financial institutions survived a motion to dismiss where the plaintiff sufficiently alleged the elements of conspiracy and a co-conspirator's underlying fraud).

7

Defendants made misrepresentations by notarizing the Ianthe POA and the Jason POA without Ianthe or Plaintiff present, respectively. (*See* Compl. ¶¶ 18–19.) However, Plaintiff does not allege that the Notary Defendants made any misrepresentations to him—let alone misrepresentations from which the Court can infer that the Notary Defendants agreed with Defendant Reddicks or Defendant 38 Robin to fraudulently convey the Premises. In fact, as it pertains to Defendant Brizz, Plaintiff makes no nonconclusory allegations in his complaint from which the Court can infer that the Ianthe POA was even a forgery. Indeed, the complaint is devoid of any allegations plausibly suggesting that Ianthe could not have executed the Ianthe POA. Plaintiff's failure to plead facts evincing a conscious agreement between the Notary Defendants and either Defendant Reddicks or Defendant 38 Robin defeats Plaintiff's conspiracy claim against the Notary Defendants.

For the foregoing reasons, Plaintiff's claim against the Notary Defendants for conspiracy to commit fraud must be dismissed.

## II.     Crossclaims Against the Notary Defendants

As with any other claim for relief, crossclaims for damages, contribution, and indemnification are subject to the pleading requirements of Fed. R. Civ. Proc. 8(a). Therefore, to sustain a crossclaim against another party, a defendant must plead facts sufficient to state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678, *see also Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016) ("[T]hird-parties seeking indemnification or contribution must still set forth 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)). Of course, the pleading standards are "lessened somewhat for [crossclaims], which may be read in conjunction with the original pleadings." *Sands Harbor*, 156 F. Supp. at 361 (quoting *Arkwright*

8

*Mut. Ins. Co. v. Bojoirve, Inc.*, No. 93–CV–3068, 1996 WL 361535, at *2 (S.D.N.Y. June 27, 1996)). However, crossclaims that "do not provide more than boilerplate language" or contain only conclusory allegations that a defendant is entitled to indemnification or contribution from a co-defendant are not sufficient to meet the pleading requirement. *See Cubilete v. United States*, 469 F. Supp. 3d 13, 20 (E.D.N.Y. 2020) (internal citations and quotations omitted). The Notary Defendants argue that the crossclaims brought against them by Defendant 38 Robin must be dismissed for failure to state a claim. (Notary Defs.' Reply to Mot. J. Plead. ("Notary Defs.' Reply") at 6–7, ECF No. 48.) Specifically, the Notary Defendants contend that Defendant 38 Robin fails to raise any allegations in its crossclaims to sufficiently plead that the Notary Defendants are liable for any injury Defendant 38 Robin may suffer if Plaintiff's claim succeeded. (*Id*.) The Court agrees.

In its crossclaims, Defendant 38 Robin simply alleges that, if Plaintiff prevails on his claims in this action, it will be due solely to the conduct of the other defendants and, therefore, Defendant 38 Robin would be entitled to damages for any injury it suffers as a result, as well as contribution and indemnification for any damages owed to Plaintiff. (*See* 38 Robin's Crossclaims ¶¶ 92–98.) Defendant 38 Robin makes no allegation whatsoever about any conduct by the Notary Defendants. (*See generally* 38 Robin's Crossclaims.) Courts in this circuit have held that a defendant fails to properly plead a crossclaim against a co-defendant where the defendant simply asserts that "if it [is] found to be liable, it [is] entitled to 'indemnification and/or contribution', without setting forth any additional facts." *Sands Harbor*, 156 F. Supp. at 361 (quoting *Gabriel Capital, L.P. v. Natwest Fin., Inc.*, 137 F. Supp. 2d 251, 269–70 (S.D.N.Y. 2000)). Here, Defendant 38 Robin's crossclaims are devoid of any allegations regarding the conduct of the Notary Defendants that would create a plausible inference that the Notary

9

Defendants are ultimately liable for any harm caused to Plaintiff and, thus, would be liable to Defendant 38 Robin for damages, contribution, or indemnification.

Resisting this conclusion, Defendant 38 Robin contends, without citation, that its crossclaims "necessarily incorporate the allegations of Plaintiff's [c]omplaint, including the allegations that the Notary Defendants falsely notarized the [p]owers of [a]ttorney . . . and that the Notary Defendants conspired with [Defendant Reddicks] to defraud Plaintiff." (Def. 38 Robin's Mem. Opp'n to the Notary Defendants' Mot. J. Plead. ("38 Robin's Opp'n") at 6, ECF No. 47-6.) Even if the Court assumed this was true, it would not save Defendant 38 Robin's crossclaims against the Notary Defendants.

Courts in this district have held that, even where a defendant's crossclaims referred to or reiterated the allegations in the complaint, this alone was insufficient to meet the pleading requirement. *See, e.g., Cubilete*, 469 F. Supp. at 20; *Sands Harbor*, 156 F. Supp. 3d at 361 ("Although a crossclaim provides as much detail as the allegations within the [c]omplaint, it must provide more than boilerplate language to give adequate notice under Rule 8.") For example, in *Cubilete v. United States*, the court held that a defendant's crossclaims against the United States were not sufficiently pled, even though the defendant reiterated the allegations of the complaint, because they did not contain "a single independent fact" indicating why the United States was obligated to indemnify the defendant if the defendant was ultimately found liable to the plaintiff. *See* 469 F. Supp. at 20 (citing *Sands Harbor*, 156 F. Supp. 3d at 361). Here, even if Defendant 38 Robin reiterated Plaintiff's allegations with respect to the conduct of the Notary Defendants, Defendant 38 Robin would have to allege at least one additional fact sufficient to create a plausible inference that it would be entitled to damages, indemnification, or

10

contribution from the Notary Defendants. As such, Defendant 38 Robin's crossclaims against the Notary Defendants must be dismissed.[10]

Pursuant to Fed. R. Civ. Proc. 15(a), "leave to amend shall be freely granted when justice so requires." In *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, the court dismissed a defendant's crossclaim against a co-defendant because the defendant failed to raise a single additional allegation indicting why it was entitled to indemnification by the co-defendant. *See* 156 F. Supp. at 361. There, the court held that "[g]iven that [the defendant's] crossclaim arises from the very same facts that are the subject of [the] [p]laintiffs' claims, judicial economy would be better served by allowing [the defendant] to amend its crossclaim, rather than splitting up this dispute between forums." *Id*. at 362 (*citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F.Supp. 578, 583 (S.D.N.Y. 1989)). The same applies here. As such, Defendant 38 Robin's crossclaims against the Notary Defendants are dismissed, with leave to amend.

---

[10] The Notary Defendants argue that the crossclaims of Defendant Reddicks must be dismissed because Defendant Reddicks failed to oppose the Notary Defendants' motion for a judgment on the pleadings. (Notary Defs.' Reply at 9.) That is not so. Failure to oppose a motion for judgment on the pleadings, "is not a sufficient ground to grant judgment on the pleadings" against him. *See Allstate Ins. Co. v. Vitality Physicians Grp. Prac. P.C.*, 537 F. Supp. 3d 533, 546 (S.D.N.Y. 2021) (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) ("A Rule 12(c) motion asks the Court to resolve the dispute as a matter of law, which the Court is perfectly capable of determining based on its own reading of the pleading[s] and knowledge of the law.").) However, because Defendant Reddicks' crossclaims against the Notary Defendants are nearly identical to those raised by Defendant 38 Robin, (*see* Reddicks' Crossclaims ¶¶ 44–45, 47, 49), Defendant Reddicks' crossclaims against the Notary Defendants must also be dismissed.

## CONCLUSION

For the foregoing reasons, the Notary Defendants' motion for a judgment on the pleadings, dismissing Plaintiff's claims and Defendants 38 Robin and Reddicks' crossclaims against them is GRANTED. Defendant 38 Robin is directed to amend its crossclaims against the Notary Defendants on or before April 21, 2025.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2025

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge